IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tokyo Leasing (U.S.A.) Inc., as assignee of the rights of Isuzu Finance of America, Inc., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 4:09-cv-00561-TLW |
| Showroom Auto & Isuzu Truck Center, LLC and Sloan F. Drummonds, | ) ) ) ) | |
| Defendants. | ) ) ) | |

# ORDER

This action was filed in this Court on March 5, 2009.  (Doc. #1).  On December 31, 2009, individual defendant Sloan F. Drummonds filed a motion for summary judgment.  (Doc. #21).  The plaintiff filed a response on January 19, 2010.  (Doc. #23).

## FACTS

Individual defendant Sloan Drummonds ("individual defendant") is the sole member manager of defendant Showroom Auto & Isuzu Truck Center, LLC ("Showroom Auto").  Showroom Auto operated as an Isuzu commercial truck dealership in Horry County, South Carolina.  Although the individual defendant asserts that Showroom Auto remains a viable limited liability company, Showroom Auto ceased operation as an automobile and truck dealership in February of 2009.

The suit now before this Court involves a dispute regarding four secured promissory notes. The promissory notes were initially issued to Isuzu Finance of America, Inc. on January 10, 2008, and were assigned to the plaintiff Tokyo Leasing (U.S.A.) Inc. ("plaintiff") on January 11, 2008. The promissory notes were issued in connection with the sale of four Isuzu commercial trucks to

Showroom Auto. Each promissory note granted the plaintiff a security interest in a specified commercial truck. The promissory notes included a clause requiring Showroom Auto to obtain a certificate of title showing the plaintiff's first priority security interest. The record indicates that the trucks were to be retained by Showroom Auto for use in the company's rental fleet, and were not to be sold as inventory by the dealership. Each note was signed with the name "Sloan F. Drummonds" as managing member for Showroom Auto.[1] The individual defendant did not sign a personal guaranty.

The plaintiff asserts that Showroom Auto is in default in its obligations under the notes. More specifically, the plaintiff asserts that Showroom Auto failed to obtain titles for the trucks showing the plaintiff's first priority security interests. The plaintiff further asserts that three of the trucks were ultimately sold by Showroom Auto, and that Showroom Auto retained the proceeds of the sales without paying the balance due under the promissory notes. The plaintiff also asserts that the fourth truck was recovered by the plaintiff from an auction lot in Darlington, South Carolina, at which the truck had been placed for sale.

The plaintiff filed the instant action alleging causes of action against both the individual defendant and Showroom Auto for negligence, fraud, conversion, and violation of the South Carolina Unfair Trade Practices Act.[2] The plaintiff also alleged a cause of action for breach of fiduciary duty by the individual defendant, as well as a claim to pierce the corporate veil and hold the individual defendant personally liable. However, the plaintiff has stated that it "lacks sufficient

---

[1] One of the four notes was signed simply "Sloan F. Drummonds M.M" rather than "Managing Member Sloan F. Drummonds."

[2] The plaintiff's first cause of action is for breach of contract by the corporate defendant Showroom Auto. The first cause of action has not been challenged in the motion for summary judgment now before this Court.

evidence to proceed" on these two claims against the individual defendant, and has withdrawn its sixth cause of action for breach of fiduciary duty by the individual defendant and its seventh cause of action requesting that this Court pierce the corporate veil. (Resp. in Opp. at p. 4, Doc. #23).

## SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), the individual defendant is entitled to summary judgment if the pleadings, responses to discovery, and the record reveal that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). As the party seeking summary judgment, the individual defendant bears the initial responsibility of informing this Court of the basis for its motion. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This requires that the individual defendant identify those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex, 477 U.S. at 323; see also Anderson, 477 U.S. at 249.

Though the individual defendant bears this initial responsibility, the plaintiff, as the nonmoving party, must then produce "specific facts showing a genuine issue for trial." Fed R. Civ. P. 56(e); see Celotex, 477 U.S. at 317. In satisfying this burden, the plaintiff must offer more than a mere "scintilla of evidence" that a genuine issue of material fact exists, Anderson, 477 U.S. at 252, or that there is "some metaphysical doubt" as to material facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, the plaintiff must produce evidence on which a jury could reasonably find in its favor. See Anderson, 477 U.S. at 252.

In considering the individual defendant's motion for summary judgment, this Court construes all facts and reasonable inferences in the light most favorable to the plaintiff as the nonmoving party. See Miltier v. Beorn, 869 F.2d 848 (4th Cir. 1990). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita, 475 U.S. at 587 (1986) (internal quotations omitted).

## DISCUSSION

The individual defendant has moved for summary judgment as to all remaining claims in which he is named, asserting that any viable claim exists only as to the corporate defendant. The individual defendant asserts that he did not sign a personal guaranty in connection with the promissory notes at issue in this case, and asserts that the record is insufficient to allow the Court to "pierce the corporate veil." In response, the plaintiff asserts that an issue of material fact exists as to whether the individual defendant was personally involved in the tortious acts alleged in the complaint.

The plaintiff's second, third, and fourth causes of action are for negligence, fraud, and conversion as to both the individual defendant and the corporate defendant. With regard to each claim, the plaintiff alleges that the individual defendant was personally involved in committing these tortious acts on behalf of the corporate defendant Showroom Auto. In connection with the negligence claim, the plaintiff has asserted that both the individual defendant and Showroom Auto were negligent and grossly negligent in failing to obtain titles for the motor vehicles showing the plaintiff's first priority security interest; failing to preserve and protect the plaintiff's collateral; selling and transferring the collateral; disposing of and failing to remit the proceeds of the sale to the plaintiff; and failing to act as a reasonably prudent person. (Compl. at ¶ 20). In support of the fraud

claim, the plaintiff has asserted that both the individual defendant and Showroom Auto entered into the promissory notes at issue in this case with no intention of repaying the notes; with no intention of titling the vehicles; and with no intent of preserving and protecting the collateral secured by the notes. (Compl. at ¶ 24). The plaintiff further asserts that both the individual defendant and Showroom Auto made false representations of material fact in connection with the promissory notes. (Compl. at ¶¶ 25-33). Finally, in support of the fourth cause of action, the plaintiff asserts that both the individual defendant and Showroom Auto converted property by wrongfully selling and disposing of the vehicles subject to the plaintiff's security interest, and that the defendants used and dissipated the proceeds from the sale of these vehicles. (Compl. at ¶ 36).

In the case of Hunt v. Rabon, 227 S.E.2d 643, 644 (1980), the South Carolina Supreme Court noted that in order for an officer, director, or trustee of a corporation to incur personal liability for acts committed by the corporation, the individual "must ordinarily be shown to have in some way participated in or directed the tortious act." The Fourth Circuit has further held that "[i]n South Carolina, there is a strong presumption that 'an officer or a director of a corporation is not, merely as a result of his standing as such, personally liable for the torts' of the corporation." Steinke v. Beach Bungee, Inc., 105 F.3d 192, 195 (4th Cir. 1997) (quoting Hunt at 650). The Fourth Circuit added, "[h]owever, in those rare cases where a corporate director has 'in some way participated in or directed the tortious act,' personal liability will attach." Id. (internal citations omitted). Numerous state and federal courts applying South Carolina law have reached the same conclusion. Plantation A.D., LLC v. Gerald Builders of Conway, Inc., __ S.E.2d __, 2009 WL 4912713 (Ct. App. 2009) (Court of Appeals concluded that trial court erred in granting summary judgment to president of corporation, plaintiff submitted evidence that president of defendant corporation

committed or participated in the commission of conversion and fraud, evidence was sufficient to deny summary judgment); BPS, Inc. v. Worthy, 608 S.E.2d  155, 160-161 (Ct. App. 2005) ("[n]othing in the law shields [corporate president] from direct liability in tort for his own actions . . . corporate veil does not protect [corporate president] from liability for his own actions"); Tillman v. Wheaton-Haven Recreation Ass'n, Inc., 517 F.2d 1141 (4th Cir. 1975).

The individual defendant apparently asserts that the record does not support a conclusion that he was personally involved in committing the tortious acts alleged in the complaint. While the evidence of record in this case is limited, the record includes four promissory notes signed with the individual defendant's name on behalf of the corporate defendant Showroom Auto. In his deposition, the individual defendant testified that the signature on the promissory notes does not belong to him. (Dep. Drummonds  at pp. 38:12-39:10). The defendant also testified that he had never seen the promissory notes until they were presented to him at his deposition. (Dep. Drummonds at p. 62:1-9). The individual defendant further testified that he has no idea who signed the promissory notes, but indicated that two individuals working at the dealership had authorization to sign notes on behalf of the company. (Dep. Drummonds at pp. 36:18-37:9). Finally, the individual defendant testified that he does not know what became of the four vehicles referenced in the promissory notes. (Dep. Drummonds at p. 47:16-19).

The record reflects that the individual defendant's name appears on each of the promissory notes. In the individual defendant Drummond's testimony, he asserts that he had no personal involvement in the purchase and subsequent sale of the vehicles secured by the promissory notes. However, at this stage of the proceedings, the record creates an issue of fact as to whether the individual defendant was personally involved in this transaction as a matter of law. Despite the

individual defendant's general denial of culpability, the record requires that summary judgment be denied. It will be up to the finder-of-fact to evaluate the evidence of record and determine whether the individual defendant personally committed, participated in, directed, or authorized the tortious acts alleged in the complaint. This evaluation of the record cannot properly be performed by a court analyzing a motion for summary judgment under the constraints of Federal Rule of Civil Procedure 56. For this reason, the individual defendant's motion for summary judgment is denied as to the plaintiff's second, third, and fourth causes of action.

With regard to the remaining claim for violation of the South Carolina Unfair Trade Practices Act, the individual defendant asserts that a crucial element of this claim is lacking. The South Carolina Unfair Trade Practices Act ("UTPA") is located at Section 39-5-10, *et seq.*, of the South Carolina Code of Laws. Section 39-5-140(a) creates a private right of action for "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by § 39-5-20." S.C. Code § 39-5-140(a). See Noack Enter., Inc. v. Country Corner Interiors of Hilton Head Island, Inc., 351 S.E.2d 347, 348 (Ct. App. 1986). However, "[a]n unfair or deceptive act or practice that affects only the parties to a trade or a commercial transaction is beyond the act's embrace." Noack at 349-50. South Carolina courts have noted that, in order to support a cause of action, "the unfair or deceptive act or practice in the conduct of trade or commerce must have an impact upon the public interest . . . [t]he act is not available to redress a private wrong where the public interest is unaffected." Id. at 350. The individual defendant asserts that facts asserted in connection with this action do not support a conclusion that there has been an impact on the public interest.

South Carolina courts have recognized that "[a]n impact on the public interest may be shown if the acts or practices have the potential for repetition." Singleton v. Stokes Motors, Inc., 595 S.E.2d 461, 466 (2004) (citing Crary v. Djebelli, 496 S.E.2d 21, 23 (1998)).  The "potential for repetition may be shown in either of two ways:  (1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence: or (2) by showing the company's procedures created a potential for repetition of the unfair and deceptive acts." Id.  The South Carolina Supreme Court has also noted that "each case must be evaluated on its own merits," and the court has "expressly reject[ed] any rigid, bright line test that delineates in minute detail exactly what a plaintiff must show to satisfy the potential for repetition/public impact prong of the UTPA test." Daisy Outdoor Adver. Co., Inc. v. Abbott, 473 S.E.2d 47, 49 (1996).

The record in the case before this Court indicates that four separate breaches of contract have allegedly taken place.  Each breach involved the alleged sale or attempted sale of a separate commercial vehicle in direct violation of specific provisions contained within separate promissory notes.  As the South Carolina Supreme Court has noted, "[p]rior case law makes very clear that evidence of a potential for repetition, generally speaking, in and of itself established the required public impact." Daisy, 473 S.E.2d at 51.  The South Carolina Supreme Court added that "we have *never* required proof of torts against third parties (in addition to proof of a tort against the plaintiff) as an element of a cause of action under UTPA, and decline to do so now." Id.  (emphasis in original).  The Court concludes that the record before the Court, at this stage in the proceedings, is sufficient to show a potential for repetition.  Therefore, the Court does not conclude that the public impact element of the UTPA cause of action is lacking.

South Carolina courts have noted that "in private actions under the UTPA, directors and officers are not liable for the corporation's unfair trade practices unless they personally commit, participate in, direct, or authorize the commission of a violation of the UTPA." Plowman v. Bagnal, 450 S.E.2d 36, 38 (1994) (internal citations omitted). See also Bessinger v. Food Lion, Inc., 305 F. Supp. 2d 574, 579-580 (D.S.C. 2003) (manager did not participate in corporate decision to remove product from store shelves, therefore manager could not be personally liable in action alleging that removal of a product from store shelves was a violation of the UTPA); BPS, Inc. v. Worthy, 608 S.E.2d 155, 160 (Ct. App. 2005). As noted above, the determination of whether the individual defendant personally committed, participated in, directed, or authorized the commission of a violation of the UTPA is an issue of fact that must be resolved by the finder-of-fact. For this reason, the individual defendant's motion to for summary judgment as to the plaintiff's fifth cause of action for violation of the South Carolina UTPA is denied.

## CONCLUSION

For the reasons set forth herein, the individual defendant's motion for summary judgment is, hereby, **DENIED**. (Doc. #21).

The parties are hereby directed to mediate this case in accordance with this Court's Standing Order within 45 days of the entry of this Order.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
United States District Judge

August 12, 2010
Florence, South Carolina